
FILED
Sep 14, 2023
03:22 PM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Sondra L. Claybrooks | ) Docket No. 2020-06-0489 |
| | ) |
| v. | ) State File No. 23248-2020 |
| | ) |
| Insight Global, LLC, et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Robert V. Durham, Judge | ) |

---

### Affirmed and Remanded

---

In the third interlocutory appeal in this case, the employee contends the trial court issued a scheduling order without her input. The employee alleged multiple injuries due to a fall in the employer's bathroom. Previously, the employee appealed the entry of a scheduling order, and we affirmed the court's order. On remand, the trial court issued a new scheduling order that, among other things, set an expedited hearing and a hearing on a motion for summary judgment that had been filed by the Subsequent Injury and Vocational Recovery Fund to be heard on the same day. The employee failed to attend the hearing, although she was reportedly present in the building. She requested a continuance in writing, which the court denied. The court then granted the motion for summary judgment as well as the employer's oral motion to dismiss the request for expedited hearing, but it denied the employer's motion to dismiss the case in its entirety. In the second appeal, we again affirmed the court's order. On remand, the court held a scheduling conference and issued another scheduling order, which the employee has now appealed. We affirm the trial court's decision, find the employee's appeal to be frivolous, award attorneys' fees for the frivolous appeal, and remand the case.

Judge Pele I. Godkin delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Meredith B. Weaver joined.

Sondra L. Claybrooks, Antioch, Tennessee, employee-appellant, pro se

L. Blair Cannon, Atlanta, Georgia, for the employer-appellee, Insight Global, LLC

Patrick A. Ruth, Nashville, Tennessee, for the appellee, Tennessee Subsequent Injury and Vocational Recovery Fund

1

**Factual and Procedural History**

This is the third interlocutory appeal in this case. In the first appeal, we set out the following relevant facts and procedural history as follows:

> Sondra Claybrooks ("Employee") asserts she suffered various injuries as the result of a work-related fall on May 9, 2019, while working for Insight Global, LLC ("Employer"). Since that time, she has received treatment from various medical providers for symptoms related to her right hand, right wrist, right elbow, hip, and low back. On March 3, 2021, the trial court issued an expedited hearing order denying Employee's claim for temporary disability benefits and payment of certain past medical expenses. That order was not appealed.
>
> Following the issuance of the court's expedited hearing order in March 2021, several disputes arose regarding the provision of a panel of physicians, Employee's requests for additional medical treatment, and written discovery requests. The court set approximately eight status hearings between April 2021 and December 2021. In November 2021, Employee filed a motion for temporary disability and medical benefits, which the court treated as a request for an expedited hearing. The court set such a hearing for January 21, 2022, but the hearing was continued at Employee's request on two occasions. Following the court's granting of Employee's second motion for a continuance, the court set several more status hearings. In April 2022, Employee filed two requests for expedited hearings and a motion to compel discovery.
>
> On August 5, 2022, the trial court conducted a hearing to address Employee's motion to compel discovery and a request filed by Employer for a scheduling hearing. During that hearing, Employee stated she wished to proceed with a second expedited hearing to address her claim for additional medical benefits. The second expedited hearing was scheduled for September 26, 2022. The Court also set a scheduling hearing to occur telephonically on August 25, 2022.

*Claybrooks v. Insight Global, LLC*, No. 2020-06-0489, 2022 TN Wrk. Comp. App. Bd. LEXIS 39, at *1-3 (Tenn. Workers' Comp. App. Bd. Oct. 28, 2022) (footnotes omitted). After the first scheduling hearing, the court entered a scheduling order setting certain deadlines. Employee appealed the scheduling order, arguing that it was inappropriate to enter a scheduling order prior to an expedited hearing and before she had reached maximum medical improvement. We affirmed the court's order, concluding that

2

Employee offered no explanation as to how the trial court erred and noting that trial courts retain the discretion to control their dockets and the pace of litigation. *Id.* at *3-5.

In our decision resolving the second interlocutory appeal, we set out additional relevant facts and procedural history, stating:

> Upon remand [following the first appeal], the court issued a new scheduling order that, among other things, set an expedited hearing for March 6, 2023. In the meantime, the Subsequent Injury and Vocational Recovery Fund ("SIF") filed a motion for summary judgment, arguing Employee had not provided sufficient evidence to establish that she is permanently and totally disabled, a material fact necessary to trigger any obligations on the part of SIF. The motion was set to be heard on the same date as the expedited hearing.
>
> Employee filed a response to the motion, to which she attached hundreds of pages of medical records, and further stated in her response that SIF should not be dismissed as it "did not object when asked in a hearing in 2022." Employee further averred she was "denied a records review [at a hearing in August 2022] . . . therefore I am unable to proceed."
>
> The hearing on March 6, 2023 began timely, but Employee was not present in the courtroom. The court's order recites the events of that day, stating that after approximately ten minutes, the bailiff notified the court and the parties that Employee was present in the building. The court paused the proceedings to give Employee time to come into the courtroom. After another twelve minutes had passed, the court asked the bailiff to bring Employee into the courtroom. The bailiff returned with a note from Employee indicating she was ill and wanted a continuance. The bailiff then indicated Employee had left the premises.
>
> The court orally denied the motion for a continuance given the late nature of the request, as well as the numerous delays that had previously occurred in the case. It proceeded to hear SIF's motion for summary judgment. Employer made an oral motion to dismiss either the entire claim or, at a minimum, the request for an expedited hearing, given Employee's failure to prosecute. The court issued an order granting SIF's summary judgment motion, stating that Employee "did not submit any admissible evidence establishing a material question of fact as to whether she was permanently and totally disabled from her . . . work-related fall." In a separate order, the court denied Employee's request for continuance, granted Employer's motion to dismiss the request for expedited hearing, and denied Employer's motion to dismiss the claim in its entirety.

3

*Claybrooks v. Insight Global, LLC*, No. 2020-06-0489, 2023 TN Wrk. Comp. App. Bd. LEXIS 24, at *4-6 (Tenn. Workers' Comp. App. Bd. May 30, 2023). Employee appealed the trial court's decision, and we again affirmed the court's order, finding the trial court did not err in concluding Employee had not come forward with genuine issues of material fact to support potential liability on the part of SIF. *Id.* at *11-12. We also held that the court did not err in declining to grant Employee's request for a continuance or in dismissing her request for an expedited hearing in light of her refusal to come into the courtroom despite being present in the building. *Id.* at *12-13.[1]

On July 6, 2023, the trial court convened a telephonic scheduling hearing. At some point during the teleconference, the call was disconnected. The court's scheduling order indicates the disconnection occurred after Employee's objections to the deadline for taking expert depositions was overruled. In her brief on appeal, Employee asserts the trial court's line was disconnected while she and the opposing attorney remained on the line. Regardless, the call was discontinued, and the trial court entered a scheduling order on July 7 setting deadlines for discovery, motions, and other pre-trial disclosures, as well as a deadline for alternative dispute resolution. The order also scheduled trial for November 6, 2023. Employee has appealed the entry of the court's most recent scheduling order.

**Standard of Review**

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2022). As we have noted previously, a trial court is afforded broad discretion to control the progress of cases on its docket and also "has the necessary discretion to control the pace of litigation through the use of case supervision and docket management." *Valladares v. Transco Products, Inc.*, Nos. 2015-01-0117, 2015-02-0118, 2016 TN Wrk. Comp. App. Bd. LEXIS 31 (Tenn. Workers' Comp. App. Bd. July 27, 2016). We review such determinations under an abuse-of-discretion standard which "contemplates that before reversal the record must show that a judge 'applied an incorrect legal standard, or reached a decision which is against logic or reasoning that caused an injustice to the party complaining.'" *Hubbard v. Sherman-Dixie*

---

[1] Thereafter, Employee filed another notice of appeal on June 7, 2023, in which she indicated she was appealing a "motion order" entered on March 30, 2023, and an "other order" entered on March 30, 2023. We filed an order on June 9 dismissing the appeal, noting that there were no such orders and that, even if there were, any appeal of those orders would be untimely. We also observed that if Employee intended to appeal our opinion issued on *May* 30, 2023, such an appeal was not permitted by statute. *See* Tenn. Code Ann. § 50-6-217(a)(2)(A) (In interlocutory appeals, "[t]he decision of the workers' compensation appeals board is not subject to further review.") Employee also filed a Request for Administrative Review of a Specialist's Order, a process that applies only to injuries occurring before July 1, 2014. That request was administratively dismissed.

4

*Concrete, Indus.*, No. E2010-02219-WC-R3-WC, 2011 Tenn. LEXIS 965, at *11 (Tenn. Workers' Comp. Panel Oct. 18, 2011) (quoting *State v. Farrell*, 277 S.W.3d 372, 378 (Tenn. 2009)). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2022).

**Analysis**

On her notice of appeal, Employee states

[t]he statement given by the sitting judge is incorrect, the conference call began at 2pm after some time on the call the [line] was disconnect [sic] to Judge Durham. The other parties on the line [B]lair [C]annon and I do not recall the other party on the line. Blair Cannon said: I believe that Judge Durham['s] line was disconnected. The other party stated that it was on his end. The Judge did not comment because he was not on the line.

In her brief on appeal, Employee voices the same disagreement with the trial court's representation of the sequence of events concerning the end of the most recent teleconference and indicated her intention to call Employer's counsel and the attorney for SIF as witnesses in court. Employee raises other issues concerning discovery, documents she alleges are missing from the Bureau's electronic filing system, her purported lack of access to information, disputes about medical care, and the granting of SIF's motion for summary judgment.[2] We have already addressed several of these issues in prior opinions.

Although Employee has filed a brief, her arguments lack any legal basis and instead reflect a general dissatisfaction with the litigation process. In the current appeal, as in her previous appeals, Employee has failed to assert or explain how the trial court has allegedly erred. Moreover, Employee has offered no cogent legal argument supporting any alleged factual or legal errors. In short, Employee has identified no appealable issue. As such, we are unable to discern any factual or legal issues for review.

---

[2] Employee continues to express dissatisfaction with the dismissal of SIF from the litigation, and she references certain statements and representations allegedly made by SIF's prior counsel. She has also expressed her dissatisfaction that SIF has not provided medical care. Employee misunderstands the role of Tennessee's Subsequent Injury and Vocational Recovery Fund. SIF cannot be held responsible for the provision of medical benefits under Tennessee's Workers' Compensation Law, and it is responsible for disability benefits *only* when an injured employee is deemed permanently and totally disabled *and* has a prior disability. *See* Tenn. Code Ann. § 50-6-208(a)(1). As we noted in our opinion addressing Employee's second appeal, Employee has presented no evidence that she is permanently and totally disabled as a result of her work injuries or that she experienced a previous disability of which Employer was aware. The trial court's dismissal of SIF does not impact Employee's potential entitlement to benefits from Employer *if* she satisfies the applicable burden of proof at trial.

As we have previously observed, the Tennessee Supreme Court has stated that "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Sneed v. Bd. of Prof'l Responsibility of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010). We cannot comb the record for possible errors and raise issues and arguments for Employee, as we would then be acting as her counsel, which the law clearly prohibits. *See Webb v. Sherrell*, No. E2013-02724-COA-R3-CV, 2015 Tenn. App. LEXIS 645, at *5 (Tenn. Ct. App. Aug. 12, 2015). As mandated by Tennessee Code Annotated section 50-6-239(c)(7), we must presume the trial court's factual findings are correct, unless the preponderance of the evidence is otherwise.

Finally, we conclude Employee's appeal is frivolous. As we have noted previously, a frivolous appeal is one that is devoid of merit or brought solely for delay. *Yarbrough v. Protective Servs. Co., Inc.*, No. 2015-08-0574, 2016 TN Wrk. Comp. App. Bd. LEXIS 3, at *11 (Tenn. Workers' Comp. App. Bd. Jan. 25, 2016); *see also Burnette v. WestRock*, No. 2016-01-0670, 2017 TN Wrk. Comp. App. Bd. LEXIS 66, at *15 (Tenn. Workers' Comp. App. Bd. Oct. 31, 2017) ("Stated another way, a frivolous appeal is one that . . . had no reasonable chance of succeeding." (internal citation and quotation marks omitted)). Litigants "should not be required to endure the hassle and expense of baseless litigation. Nor should appellate courts be required to waste time and resources on appeals that have no realistic chance of success." *Yarbrough*, 2016 TN Wrk. Comp. App. Bd. LEXIS 3, at *10-11 (internal citations omitted).

The appellate process is not the appropriate mechanism to express vague dissatisfaction with the trial court process. Instead, an appellant must assert and explain how the trial court erred in making specific determinations or issuing specific orders. Employee has failed to satisfy this burden. In each appeal she has filed, she has failed to provide any legal argument in support of her position, and she has failed to identify with any specificity how she believes the trial court erred. Accordingly, we find Employee's current appeal to be frivolous and, pursuant to Tenn. Comp. R. and Regs. 0800-02-22-.09(4), we award Employer's counsel attorneys' fees to be paid by Employee in the amount of $100.00.

## Conclusion

For the foregoing reasons, we affirm the decision of the trial court, award attorneys' fees for a frivolous appeal, and remand the case. Costs on appeal have been waived.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Sondra L. Claybrooks | ) | Docket No.  2020-06-0489 |
| | ) | |
| v. | ) | State File No.  23248-2020 |
| | ) | |
| Insight Global, LLC, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Robert V. Durham, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 14th day of September, 2023.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Sondra L. Claybrooks | | | | X | slclay2228@gmail.com aclaybrooks1@gmail.com |
| L. Blair Cannon | | | | X | blair.cannon@thehartford.com |
| Patrick A. Ruth | | | | X | patrick.ruth@tn.gov |
| Robert V. Durham, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Matthew Keene
Acting Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-532-1564
Electronic Mail: WCAppeals.Clerk@tn.gov